NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-2689

THE STATE OF OHIO, APPELLANT AND CROSS-APPELLEE, *v.* KHALIF, APPELLEE AND CROSS-APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Khalif*, Slip Opinion No. 2026-Ohio-2689.]**

*Criminal law—R.C. 2901.09—"Stand your ground" amendment to self-defense law does not apply retroactively to offenses committed prior to amendment's effective date—R.C. 2945.75(A)(2)—A guilty verdict constitutes a finding of guilty of the least degree of the offense charged unless verdict form states the degree of the offense or the elevating element—Verdict form does not support a finding of guilty for an elevated degree of an offense when the form states that the offense is "as charged in the indictment"—Failure to object to noncompliant verdict form forfeits all but plain error—Defendant failed to prove that noncompliant verdict form violated his substantial rights when he was sentenced for the offense for which he was indicted and found guilty—Judgment affirmed in part and reversed in part and cause remanded.*

(No. 2024-0930—Submitted August 20, 2025—Decided July 16, 2026.)

A<small>PPEAL</small> and C<small>ROSS</small>-A<small>PPEAL</small> from the Court of Appeals for Franklin County,

No. 23AP-274, 2024-Ohio-2239.

_____

D<small>ETERS</small>, J., authored the opinion of the court, which K<small>ENNEDY</small>, C.J., and F<small>ISCHER</small>, D<small>E</small>W<small>INE</small>, H<small>AWKINS</small>, and S<small>HANAHAN</small>, JJ., joined. B<small>RUNNER</small>, J., concurred in part and dissented in part, with an opinion.

**D<small>ETERS</small>, J.**

{¶ 1} Under R.C. 2945.75(A)(2), if an element or elements of an offense would result in a defendant's being convicted of a more serious degree of the offense, the guilty verdict must either state the more serious degree or the elements elevating the degree of the offense. If the verdict form contains no such statement, the defendant may be convicted of only the least degree of the offense.

{¶ 2} In this case, the State of Ohio charged Mahad Khalif with discharge of a firearm on or near prohibited premises. An additional element of substantial risk of physical harm elevated the offense from a misdemeanor to a third-degree felony. But the verdict form did not include the degree of the offense or the additional element. Instead, the form stated that Khalif was guilty of the offense "as charged in the indictment." The question is whether the trial court erred in convicting Khalif of the more serious degree. The Tenth District Court of Appeals held that because the verdict form did not comply with R.C. 2945.75(A)(2), Khalif could be convicted of only the misdemeanor offense. We agree that the verdict form did not comply with the statute, but we conclude that because Khalif did not object to the verdict form, any error is subject to plain-error review. And under the circumstances of this case, Khalif cannot demonstrate plain error.

{¶ 3} For his part, Khalif challenges the court of appeals' judgment that the trial court did not err when it refused to instruct the jury that he had no duty to

retreat. But we have recently held that the "stand your ground" amendment to R.C. 2901.09 does not apply to offenses that were committed before the effective date of that amendment.

{¶ 4} Therefore, we affirm the judgment of the Tenth District with respect to Khalif's challenge to the jury instructions but reverse it as to the verdict-form issue.

## I. BACKGROUND

{¶ 5} Khalif was charged with two counts—felonious assault in violation of R.C. 2903.11 ("Count 1") and discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162 ("Count 2"). Both counts included a firearm specification. The charges stemmed from an incident in which Khalif fired multiple shots over a public road toward a moving vehicle. Regarding Count 2—the count at issue in this appeal—the indictment stated that the offense was a third-degree felony and that "the violation created a substantial risk of physical harm to any person or caused serious physical harm to property." The bill of particulars filed by the State likewise supported that the offense was a third-degree felony because it stated that the violation created a substantial risk of physical harm to any person or caused serious physical harm to property.

{¶ 6} Khalif's first jury trial resulted in mistrial. During the second jury trial, the State presented evidence that the incident began when Khalif's car was allegedly stolen from where it had been parked in front of a restaurant. According to the statement Khalif provided to the police, when he exited the restaurant, he saw his car being driven away. As Khalif ran to catch his car, the person in the car began driving in Khalif's direction. In the statement, Khalif admitted to shooting at the car while it was on the street, specifically that he "fired [his] gun and [the driver] drove right past [him]." The State also presented photographs of the car that Khalif had shot. The photographs showed a bullet hole on the driver's-side

front fender.  In its closing argument, the State stressed that firing a weapon at a vehicle is "inherently dangerous."

{¶ 7} The trial judge instructed the jurors that they could find Khalif guilty of Count 2 only if they found beyond a reasonable doubt that "the defendant discharged a firearm upon or over a public road or highway, and the violation created a substantial risk of physical harm to any person or caused serious physical harm to property."  The judge defined various terms, including "substantial risk," "physical harm to persons," and "serious physical harm to property."  The judge also gave an instruction on self-defense because Khalif claimed that he had shot at the car in an attempt to stop the car from hitting him.

{¶ 8} The trial court read the verdict forms to the jury, and neither party objected.  One verdict form for Count 2 stated: "We, the jury being duly impaneled and sworn in this case, find the defendant, Mahad M. Khalif, guilty of discharge of firearm on or near a prohibited premise as charged in Count Two of the indictment." The jury was unable to reach a verdict regarding Count 1, so the trial court declared a mistrial as to that count.  The jury did, however, reach a guilty verdict as to Count 2.  The verdict was read aloud, with no objection from either party.  After the verdict was read, the State requested that Khalif's bond be revoked because he had been found guilty of a felony.  Although he objected to bond revocation, defense counsel did not challenge the characterization of the offense as a felony.

{¶ 9} The trial court stated in its sentencing entry that Khalif was found guilty of a third-degree felony and sentenced him to nine months in prison, a term which was in the range for a third-degree felony.  *See* R.C. 2929.14(A)(3)(b).  The court also imposed a three-year sentence for an accompanying firearm specification.  When the court expressed regret for having to sentence Khalif to 45 months in prison, there is no indication that Khalif objected to being sentenced for a felony.

{¶ 10} Khalif appealed his conviction to the Tenth District.  Among other assignments of error not relevant here, Khalif (1) challenged the trial court's entry of a conviction for a third-degree felony for Count 2 as opposed to a misdemeanor, (2) claimed that the trial court erred by failing to include a "stand your ground" self-defense instruction to the jury, and (3) argued that his conviction was against the weight of the evidence.

{¶ 11} Regarding the degree of the offense, Khalif argued that because the verdict form did not state the degree of the offense, R.C. 2945.75(A)(2) required that he be sentenced to the lowest degree for the offense, that is, a misdemeanor of the first degree.  *See* R.C. 2923.162(C)(1).  The State argued that because the verdict form included the phrase "as charged in the indictment," it complied with the statute.  Alternatively, the State argued that plain-error review should apply because Khalif did not object to the verdict form at trial.  The court of appeals sustained Khalif's challenge regarding the degree of the offense, vacated the third-degree felony conviction as well as the attached firearm specification, and remanded the case to the trial court with instructions to enter a conviction for first-degree misdemeanor discharge of a firearm.  2024-Ohio-2239, ¶ 81 (10th Dist.)  Regarding Khalif's argument that his conviction was against the manifest weight of evidence, the court of appeals limited its review to whether a conviction for a misdemeanor offense was against the weight of the evidence and concluded that it was not.  *Id.* at ¶ 58, 62.  And as for Khalif's argument regarding the self-defense jury instruction, the Tenth District concluded that the "stand your ground" law did not apply to Khalif's case, because his offenses were committed before the effective date of the law.  *Id.* at ¶ 53.  The appeals court overruled that assignment of error and the remaining assignments.  *Id.* at ¶ 80-81.

{¶ 12} The State appealed to this court, and Khalif cross-appealed.  We accepted jurisdiction over a proposition from each party:

[The State's proposition of law:] A reference in the jury's verdict form to "as charged" in a specific count of the indictment is sufficient to satisfy the degree of the offense as required by R.C. 2945.75(A)(2) when the jury instructions, court record, and evidence indicates that no lesser included charge or other forms of the offense were submitted to the jury.

[Khalif's cross-proposition of law:] A defendant who is tried after the effective date of the "stand your ground" amendment to R.C. 2901.09 (April 6, 2021) for an offense committed prior to that date is entitled to have the jury instructed that he had no duty to retreat before using force in self-defense if he was in a place in which he lawfully had a right to be.

*See* 2024-Ohio-4501.

{¶ 13} Khalif's proposition of law is resolved by this court's recent decision in *State v. Miree*, in which we held that the "stand your ground" amendment to R.C. 2901.09, which limits the duty to retreat from a threat before acting in self-defense, does not apply retroactively to offenses committed prior to the effective date of the amendment. 2024-Ohio-5714, ¶ 14. We turn our attention to the State's proposition of law.

## II. ANALYSIS

{¶ 14} R.C. 2945.75(A)(2) provides that "[w]hen the presence of one or more additional elements makes an offense one of more serious degree . . . [a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present." If the verdict states neither the degree nor the presence of an additional element or elements, "a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." *Id*.

{¶ 15} In this case, the Tenth District concluded that, under our decisions in *State v. Pelfrey*, 2007-Ohio-256, and *State v. McDonald*, 2013-Ohio-5042, because the verdict form for Count 2 neither stated that Khalif was charged a third-degree felony nor stated the presence of the aggravating element—that he had created a substantial risk of physical harm to any person or caused serious physical harm to property—he could be convicted of only the least degree of discharge of a firearm on or near prohibited premises—a first-degree misdemeanor. 2024-Ohio-2239 at ¶ 37 (10th Dist.). The State argues that inclusion on the verdict form of the phrase "as charged in Count Two of the indictment" is sufficient to satisfy R.C. 2945.75(A)(2) because the record, evidence, and jury instructions made clear that Khalif was charged with the third-degree-felony version of the offense. Moreover, the State argues that *Pelfrey* was wrongly decided and should be overruled.

{¶ 16} We decline to overrule *Pelfrey* and conclude that the verdict form here did not satisfy R.C. 2945.75(A)(2). Nevertheless, we conclude that because Khalif did not object to the verdict form, he forfeited all but plain error, which he has not demonstrated.

### A. The verdict form here did not satisfy R.C. 2945.75(A)(2)

{¶ 17} The starting point for consideration of the State's proposition is this court's decision in *Pelfrey*. There, the State charged Pelfrey with tampering with records under R.C. 2913.42, alleging that Pelfrey had fraudulently "passed" vehicles that failed emissions tests. *Pelfrey* at ¶ 2-3. Because the emissions test results were government records, the violation was enhanced to a third-degree felony. *Id.* at ¶ 13, citing R.C. 2913.42(B)(4). But the verdict form used in the case did not mention the degree of the offense or state that government records were involved. *Id.* This court held that under the clear language of R.C. 2945.75(A)(2), Pelfrey could be convicted of only the least degree—i.e., a first degree misdemeanor for tampering with records. *Id.* at ¶ 14-15.

{¶ 18} We have since applied the reasoning of *Pelfrey* in other cases. In *McDonald*, 2013-Ohio-5042, the defendant was indicted for willfully fleeing or eluding a police officer after receiving a signal to stop his vehicle, causing a substantial risk of serious physical harm. *Id.* at ¶ 3. Causing a substantial risk of serious physical harm elevated the "fleeing or eluding" offense from a misdemeanor to the third-degree felony. *Id.* at ¶ 5. The verdict form mentioned only the general offense—failure to comply with the order or signal of a police officer—and not the specific "fleeing or eluding" offense that could be elevated. *Id.* at ¶ 6-8. Thus, we held that McDonald could be convicted of only the misdemeanor offense. *Id.* at ¶ 25.

{¶ 19} More recently in *State v. Mays*, we considered whether citation to the statutory section that requires raising the degree of an offense satisfies R.C. 2945.75(A)(2)'s requirements. 2024-Ohio-4616, ¶ 1. Mays was indicted for violating a protection order under R.C. 2919.27(A)(1), and because he had a prior conviction for violating a protection order, the offense was elevated from a misdemeanor to a fifth-degree felony under R.C. 2919.27(B)(3). The verdict form did not specify the degree of the offense or list additional elements, but it did cite R.C. 2919.27(A)(1) and (B)(3). This court concluded that the verdict satisfied R.C. 2945.75(A)(2)'s requirements so that Mays could be convicted of the fifth-degree felony:

> The verdict form explicitly states that Mays was found guilty in violation of R.C. 2919.27(B)(3). Because an offender found to be in violation of R.C. 2919.27(B)(3) has, under that division's clear language, committed a felony of the fifth degree, the jury's statement in its verdict form that Mays violated R.C. 2919.27(B)(3) is a statement that Mays committed a felony of the fifth degree.

8

*Id.* at ¶ 14.

{¶ 20} These cases illustrate that R.C. 2945.75(A)(2) plainly requires that a jury's guilty verdict either state the degree of offense or the additional elements elevating an offense. Otherwise, the defendant can be convicted of only "the least degree of the offense charged." R.C. 2945.75(A)(2).

{¶ 21} The State maintains that the inclusion of "as charged in the indictment" satisfies R.C. 2945.75(A)(2) in the same way that citing the statutory division did in *Mays*. But such a conclusion would allow reference to material outside the verdict form—in this case, to the indictment—to determine what degree of offense is specified. And in *Mays*, we made clear that R.C. 2945.75(A) requires that the statements supporting an elevated degree of offense be included on the verdict form itself. *Mays* at ¶ 15. We emphasized in *Mays* that "while we conclude that the verdict form complies with R.C. 2945.75(A)(2), we do not base that conclusion on additional circumstances found outside the verdict form, such as incorporation of the indictment or review of the trial court's record." *Id.* Here, for Khalif to be convicted of a third-degree felony for Count 2, R.C. 2945.75(A)(2) required that the verdict form state the degree of the offense or the elevating elements; because the verdict form did neither, it did not satisfy R.C. 2945.75(A)(2).

{¶ 22} The State contends that even if the verdict form did not comply with R.C. 2945.75(A)(2), the remedy imposed by the court of appeals—lowering the degree of Khalif's offense to a first-degree misdemeanor—is not required by the statute's language. The State points to the second sentence in R.C. 2945.75(A)(2): "Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." The State argues that "charged" in this sentence should be read to mean that the defendant will be convicted of the least degree of the offense as charged to the jury. Thus, the State maintains, *Pelfrey* was wrongly decided. But

the State did not preserve this argument by raising it below. And the sole proposition put forth by the State and accepted by this court addresses only whether inclusion of the phrase "as charged in the indictment" is sufficient to comply with R.C. 2945.75(A)(2). We confine our consideration to the proposition accepted and the argument preserved below. *State v. Lloyd*, 2022-Ohio-4259, ¶ 13, fn. 1.

{¶ 23} As we have discussed, the verdict form in this case did not comply with R.C. 2945.75(A)(2). But Khalif did not object to the verdict form, so we turn our attention to the effect of Khalif's failure to object.

## B. Plain-error review applies to R.C. 2945.75

{¶ 24} The State argues that given Khalif's failure to object, any error should be subject to plain-error review.[1] In *Mays*, we considered whether plain-error review applied to challenges raising noncompliance with R.C. 2945.75(A)(2). 2024-Ohio-4616 at ¶ 18-26. More than ten years earlier in *State v. Eafford*, this court reviewed a claim that a verdict form did not satisfy R.C. 2945.75(A)(2) for plain error, because the defendant had not objected to the verdict form. 2012-Ohio-2224, ¶ 11, 18. In that case, we concluded that there was no error in the verdict form and that, in any event, the defendant's substantial rights were not affected, because he "knew from the outset" of which offense the State intended to prove him guilty. *Id.* at ¶ 18. In *Mays*, we noted confusion about the applicability of plain-error review and "reaffirm[ed] our holding in *Eafford* that plain-error analysis does apply when a defendant fails to raise an objection to a verdict form's alleged noncompliance with R.C. 2945.75(A)(2)." *Mays* at ¶ 23. And we explained that "when a trial court's error results in a greater punishment for the defendant and

---

1. Khalif contends that the State did not preserve its argument regarding plain error. But in its appellate brief to the Tenth District, the State cited cases from this court and the Tenth District that had applied plain-error review. And the Tenth District, in its decision, indicated that the State had argued that plain-error review applies. 2024-Ohio-2239 at ¶ 34.

accordingly prejudices the defendant, the defendant bears the burden of objecting and calling the trial court's attention to the error." *Id.* at ¶ 25.

{¶ 25} Crim.R. 52(B) provides the standard for plain-error review: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The standard has four elements. First, there must be an error. *State v. Barnes*, 2002-Ohio-68, ¶ 20. Next, the error must be plain or obvious. *Id.* Third, the error must "affect[] 'substantial rights.'" *Id.* "[W]e have generally interpreted [the third element] to mean that there is a reasonable probability that the error affected the outcome of the trial." *State v. Bond*, 2022-Ohio-4150, ¶ 41 (DeWine, J., concurring in judgment only). And fourth, the rule is discretionary; plain error should be recognized "only to prevent a manifest miscarriage of justice." *Id.* "[T]he *defendant* bears the burden of demonstrating that a plain error affected his substantial rights." (Emphasis in original). *State v. Perry*, 2004-Ohio-297, ¶ 14.

{¶ 26} Here, there is no question that there was error. The State charged Khalif with the elevated, third-degree-felony version of the offense of discharging a firearm on or near prohibited premises, but the verdict form did not state the degree or the elements elevating the degree of the offense, which is contrary to the plain language of R.C. 2945.75(A)(2). And the error was clear; we have repeatedly affirmed our adherence to the statute's language.

{¶ 27} However, Khalif has failed to demonstrate that his substantial rights were affected. From the indictment, the State was clear that it was charging him with the greater-degree offense because of the substantial risk of physical harm that he caused. The State argued the risk of substantial harm during the trial, and the trial court instructed the jury that it could find Khalif guilty only if it found that he had created a substantial risk of physical harm to any person or caused serious physical harm to property. Khalif has not demonstrated that had the verdict form stated that the offense was a third-degree felony or that his actions created a

substantial risk of harm, the jury would have reached a different decision. And while he argues in his merit brief that being sentenced for a third-degree felony as opposed to a first-degree misdemeanor amounts to a "miscarriage of justice," Khalif does not suggest that he was unaware that he was charged with a third-degree felony, that the State did not prove that his conduct created a substantial risk of physical harm to any person or caused serious physical harm to property, or that the jury did not intend to convict him of a third-degree felony. Instead, the alleged injustice he points to is that the trial court sentenced him on the felony with which he was charged and for which the jury convicted him.

{¶ 28} The opinion concurring in part and dissenting in part expresses some confusion about when Khalif should have objected. It states that Khalif had no obligation to object to the verdict form prior to the jury's deliberations, because at that time, the mistake would have benefited him. Then, in the view of the opinion concurring in part and dissenting in part, Khalif could have played "gotcha" and objected at sentencing. Such a view encourages gamesmanship in place of the principle that an error should be brought to the trial court's attention as soon as it is noticed so that the court can remedy the error. To be clear, the error in this case was that the verdict form did not comply with R.C. 2945.75(A)(2), not that the trial court sentenced Khalif for the offense for which he was indicted and found guilty.

## III. CONCLUSION

{¶ 29} The court of appeals correctly held that the "stand your ground" amendment to R.C. 2901.09 does not apply to Khalif's case. It also correctly held that the verdict form did not comply with R.C. 2945.75(A)(2), because it did not state that Khalif was guilty of a third-degree felony or that the additional element of substantial risk of physical harm was present. But because Khalif did not object to the verdict form, he forfeited all but plain-error review. Khalif cannot demonstrate plain error, because the circumstances surrounding his trial make clear that he was found guilty of the elevated offense. We therefore affirm in part and

reverse in part the judgment of the Tenth District Court of Appeals and remand the case to that court for consideration of Khalif's assignment of error regarding whether his felony conviction was against the manifest weight of the evidence.

Judgment affirmed in part
and reversed in part
and cause remanded.

_____

**BRUNNER, J., concurring in part and dissenting in part.**

{¶ 30} I concur in the majority opinion affirming the Tenth District Court of Appeals' judgment with respect to appellee and cross-appellant Mahad Khalif's challenge to the jury instructions. I also concur in the majority opinion's conclusion that the verdict form as to Count 2, discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162, was insufficient to support a guilty verdict on that count as a third-degree felony because the form did not state the degree of the offense of which the Khalif was being found guilty or that the elevating element—substantial risk of physical harm—was present. Accordingly, R.C. 2945.75(A)(2) required the trial court to conclude that the jury's guilty verdict on that count was of the least degree of the offense charged—a first-degree misdemeanor.

{¶ 31} I part ways with the majority opinion, however, on the issue of plain error. In my view, Khalif, at most, had an obligation to object when the trial court sentenced him on Count 2 as a third-degree felony, and because he did not do so, his arguments concerning R.C. 2945.75(A)(2) must be reviewed under the plain-error standard. But contrary to the majority's conclusion, Khalif has shown plain error. The majority opinion concludes that Khalif did not show plain error, but I do not see its analysis as being viable. I therefore respectfully concur in part and dissent in part.

**{¶ 32}** Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." We have noted four key elements in the plain-error standard. First, there must be an error. *State v. Barnes*, 2002-Ohio-68, ¶ 20. Second, the error must be plain or obvious. *Id.* Third, the error must have affected a "substantial right," which means the defendant must show a reasonable probability that the trial court's error prejudiced the defendant by affecting the outcome of the proceeding. *State v. Rogers*, 2015-Ohio-2459, ¶ 22. Fourth, finding plain error is discretionary; courts should "notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Barnes* at ¶ 21, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

**{¶ 33}** Notably, the obligation to bring an error to a trial court's attention falls on the party who would be prejudiced by the error. As we recently explained,

> [w]hen a trial court's error results in a lesser punishment for the defendant and accordingly prejudices the State, the State bears the burden of objecting and calling the trial court's attention to the error. On the other hand, when a trial court's error results in greater punishment for the defendant and accordingly prejudices the defendant, the defendant bears the burden of objecting and calling the trial court's attention to the error.

(Citations omitted.) *State v. Mays*, 2024-Ohio-4616, ¶ 25. When determining which party was prejudiced by the error in the present case, however, it is important to begin by acknowledging that the error could have been brought to the trial court's attention either before or after the jury deliberated. Those two points in time are

significant because the party that would have been prejudiced by the error changes between these points in the trial.

{¶ 34} Consider first an objection made when the verdict form was given to the jury. The indictment made it clear to all parties that appellant and cross-appellee, the State of Ohio, was pursuing Count 2 as a third-degree felony, and the State maintained that position throughout the trial. Given that, when the verdict form was presented to the jury, either party could have questioned whether, under R.C. 2945.75(A)(2), the form was sufficient to support a guilty verdict on Count 2 as a third-degree felony or whether the form supported only a guilty verdict as a first-degree misdemeanor. Raising an objection at that time would have meant asking the trial court to revise the verdict form to ensure that it was in compliance with the requirements of the statute to support a guilty verdict on Count 2 as a third-degree felony.

{¶ 35} Only the State would have had an interest in that sort of revision. The potential insufficiency of the form to support a felony conviction would have been to Khalif's *benefit* because it created a chance that, if the jury found him guilty on Count 2, the conviction would be lowered to a first-degree misdemeanor in accordance with R.C. 2945.75(A)(2). The potential error in the verdict form therefore prejudiced the State when it was given to the jury, which means the State had the obligation to raise an objection at that time.

{¶ 36} The prejudice analysis is different when considering an objection made *after* the jury returned its guilty verdict. By that point, the opportunity for the State to seek revisions to the verdict form had passed. An objection therefore would have been to the trial court's conclusion that the conviction on Count 2 was a third-degree felony rather than a first-degree misdemeanor. Such an error clearly prejudiced Khalif, which means that he had an obligation to bring the error to the trial court's attention. *See Mays*, 2024-Ohio-4616, at ¶ 25 (discussing the burden

of raising an objection to a verdict form before a trial court). Because he did not do so, the plain-error standard applies on appeal.

{¶ 37} Khalif satisfies the plain-error standard here. As the majority opinion acknowledges, the first two elements of the standard are met: there was error and the error was clear. The third element—whether the error affected a "substantial right"—is likewise met. The error impacted the outcome of the proceeding because it caused Khalif to be found guilty of and sentenced for a third-degree felony when, under R.C. 2945.75(A)(2), the verdict form was insufficient to support such a conviction and sentence. Finally, the fourth element—whether correction of the error is necessary to prevent a manifest miscarriage of justice—is met. Left uncorrected, the error will cause Khalif to serve three years and nine months in prison for a third-degree felony when, as a matter of clear statutory law, the verdict form supports a guilty verdict of only a first-degree misdemeanor, which is punishable by a maximum of six months in the county jail. Forcing Khalif to serve a sentence that is more than seven times longer than the law allows would be gravely unjust. I would therefore hold that the error in the verdict form constitutes plain error.

{¶ 38} The majority opinion reaches the opposite conclusion with a deeply flawed analysis that lacks specificity concerning when the error occurred and without any examination of the consequence of the error here—an examination that is mandated by the plain text of R.C. 2945.75(A)(2).

{¶ 39} The problem begins in Part II(A) of the majority opinion, in which the court concludes that there was error in the trial-court proceedings. The majority opinion states that "for Khalif to be convicted of a third-degree felony for Count 2, R.C. 2945.75(A)(2) required that the verdict form state the degree of the offense or the elevating elements" and that "because the verdict form did neither, it did not satisfy R.C. 2945.75(A)(2)." Majority opinion, ¶ 21. What exactly does that mean in this case? The majority opinion does not mention the consequence mandated by

the plain text of the statute: R.C. 2945.75(A)(2) makes clear that when a guilty verdict fails to "state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present," the result is that the verdict "constitutes a finding of guilty of the least degree of the offense charged." So here, the jury's verdict constitutes a finding of guilty on Count 2 as only a *first-degree misdemeanor*.

{¶ 40} When did the error occur? The majority opinion does not say—perhaps because it does not consider that timing matters.

{¶ 41} And when the majority opinion turns to the issue of plain error in Part II(B), it does not take into account that the timing of the error *does* matter, and it continues to avoid acknowledging the consequence mandated by the plain text of the statute.

{¶ 42} The majority opinion first describes the error at issue as follows:

> The State charged Khalif with the elevated, third-degree-felony version of the offense of discharging a firearm on or near prohibited premises, but the verdict form did not state the degree or the elements elevating the degree of the offense, which is *contrary to the plain language of R.C. 2945.75(A)(2)*.

(Emphasis added.) Majority opinion at ¶ 26. Later, the majority clarifies that "the error in this case was that the verdict form *did not comply with R.C. 2945.75(A)(2)*." (Emphasis added.) *Id.* at ¶ 28. What does it mean for the verdict form to be "contrary to the plain language of R.C. 2945.75(A)(2)"? Or for the form to "not comply with R.C. 2945.75(A)(2)"? As noted, the plain language of the statute is clear about the consequence here for a nonconforming verdict form: the jury's verdict constitutes a finding of guilty on Count 2 as only a *first-degree misdemeanor*.

17

{¶ 43} The majority opinion's failure to acknowledge what must statutorily happen as a result of the error leads it to erroneously conclude that "Khalif has failed to demonstrate that his substantial rights were affected." Majority opinion at ¶ 27. It posits that the only "alleged injustice" to which Khalif points is that "the trial court sentenced him on the felony with which he was charged and for which the jury convicted him." *Id.* at ¶ 27. The problem with this explanation, however, is that it relies on the idea that the jury found Khalif guilty on Count 2 as a *third-degree felony*. I here again emphasize that the plain text of R.C. 2945.75(A)(2) makes clear that the consequence of the error that occurred is that the jury found Khalif guilty on Count 2 as a *first-degree misdemeanor*. The majority opinion's plain-error analysis is unnecessary and inapposite to applying the law as enacted by the General Assembly.

{¶ 44} Finally, even though the majority opinion never identifies when the error occurred, it nonetheless identifies when an objection should have been raised. It concludes that Khalif should have objected to the verdict form *before* the jury began deliberations. Its reasoning appears to be that Khalif should have foreseen that if the jury found him guilty on Count 2, the trial court *would* have sentenced him on that count as a third-degree felony, so he should have raised an objection to that outcome at the earliest possible opportunity—before deliberations began. *See* majority opinion at ¶ 27-28.

{¶ 45} The majority opinion's reasoning on this point is flawed in two ways. First, when the jury began deliberating, Khalif had no obligation to assume that if the jury were to find him guilty on Count 2, the trial court *would* sentence him on that count as a third-degree felony because R.C. 2945.75(A)(2) is a self-executing law. Khalif therefore had every right to expect that the trial court would follow the plain text of R.C. 2945.75(A)(2)—text that *requires* that the consequence of the verdict form's failure to "state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present," is a

sentence for a misdemeanor of the first degree. Only when the trial court did not do so did the obligation to object fall on Khalif. In short, Khalif was not required to *anticipate* the trial court's error and object before that error occurred.

{¶ 46} And fundamentally, the majority opinion's position that ruling in Khalif's favor would endorse a form of "gamesmanship," majority opinion at ¶ 28, is an unfortunate and prosecution-leaning view of the justice system that turns constitutional rights inside out. The *State* is the party that sought a conviction on Count 2 as a third-degree felony. The obligation to comply with the legal requirements for such a conviction therefore fell solely on the State. At no point in the proceedings did Khalif have an obligation to *help* the State secure a conviction. He had an obligation only to object once he learned of an error that caused him prejudice. As explained above, that obligation arose for Khalif only when the trial court proceeded to sentence him on Count 2 as a third-degree felony. So to the extent a plain-error analysis might be necessary here, Khalif meets the standard for relief from this court on appellate review.

{¶ 47} Khalif's awareness that the State was pursuing Count 2 as a third-degree felony does not change anything. *Before* the jury began deliberations, he would have viewed the possibility that the verdict form would enable only a misdemeanor conviction as a good thing. *After* the jury returned its verdict, Khalif's awareness that the State had been pursuing Count 2 as a third-degree felony is irrelevant. Khalif was prejudiced by the trial court's sentencing him based on a conviction of a third-degree felony when the verdict form did not support this conviction. The trial court did not comply with R.C. 2945.75(A)(2). This caused Khalif's sentence to be more than seven times longer than it would have been had the trial court complied with the law and sentenced Khalif to a sentence permitted by the verdict form.

{¶ 48} For these reasons, I would hold that the Tenth District Court of Appeals properly vacated Khalif's third-degree felony conviction for the trial

court's failure to comply with R.C. 2945.75(A)(2).  I would affirm the court of appeals' judgment on that issue but for different reasons than the court of appeals set forth in its opinion.  Because the majority opinion reverses the judgment of the court of appeals on that issue, I respectfully dissent from that part of this court's judgment.  Finally, I agree with the majority opinion that the court of appeals should be affirmed with respect to Khalif's challenge to the jury instructions.  I therefore concur in part and dissent in part.

_____

Shayla D. Favor, Franklin County Prosecuting Attorney, and Michael A. Walsh and Paula M. Sawyers, Assistant Prosecuting Attorneys, for appellant and cross-appellee.

Dennis C. Belli, for appellee and cross-appellant.

_____